```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Richard A. Waite

   v.                                Civil No. 22-cv-071-SE-AJ

Chaplain D. Hoyt et al.


**REPORT AND RECOMMENDATION**

N.H. Department of Corrections ("DOC") prisoner Richard A. Waite filed this action, asserting federal civil rights claims against the Northern N.H. Correctional Facility ("NCF") Warden, the DOC Commissioner, the NCF Chaplain, and other members of the DOC Religious Review Committee.  Before the court is Waite's motion to amend the complaint (Doc. No. 10) seeking to add new claims and to join new defendants.


**Standard**

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of service of a responsive pleading or motion, and at other times, with leave of the court, "when justice so requires."  Fed. R. Civ. P. 15(a)(1)-(2).  As a general rule, a motion for leave to amend a complaint should be granted unless there is "an adequate reason" to deny the motion, "such as undue delay, bad faith, dilatory motive on the part of the movant, or futility of the

amendment." Carmona v. Toledo, 215 F.3d 124, 136 (1st Cir. 2000). Where a proposed amendment also seeks to join a party, that request is "'governed by Rule 21, which provides that the court may at any time, on just terms, add or drop a party.'" Gigunda Grp., Inc. v. Creative Collective Grp., No. 15-cv-104-LM, 2015 WL 6872281, at *1, 2015 U.S. Dist. LEXIS 151771, at *4 (D.N.H. Nov. 9, 2015) (citation omitted). "'[T]he same standard of liberality applies'" under both Rule 15(a) and Rule 21. Id. (citation omitted).

Waite filed his motion to amend the complaint and to join new defendants (Doc. No. 10) after this court had identified the claims in the original complaint that could proceed, pursuant to 28 U.S.C. § 1915A, but before any defendant had appeared or filed a response. This court need not decide whether the proposed new claims against new defendants could be added through an amendment to the complaint filed as of right, pursuant to Fed. R. Civ. P. 15(a)(1), as this court is authorized to conduct a preliminary review of each of the plaintiff's initial pleadings in this case, including Document No. 10, pursuant to LR 4.3(d), 28 U.S.C. § 1915A, and 28 U.S.C. § 1915(e)(2). The standard applied in that preliminary review, see Jan. 5, 2024 R&R (Doc. No. 8), at 1-2, includes an inquiry into whether the pleadings state a claim upon which relief can

2

be granted against any defendant who is not immune from the relief sought. That standard is also applied when a court determines whether to deny a motion to amend on the basis of futility. A "futile" amendment is one that "would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

## Background

The new claims Waite proposes to add to this case through Document No. 10, grouped generally by subject matter, and the new defendants he appears to seek to join, are the following:

- two separate Fifth Amendment Takings Clause claims -- one asserted against both the NCF Warden and the DOC Commissioner, relating to an electronic device (a tablet) Waite owned but then had to give up; and the other, asserted against new defendants (the Acting NCF Warden Major Newton, the Acting DOC Commissioner, and a DOC Property employee, Mrs. Poulin), for cough drops and cough syrup Waite purchased by mail but was not allowed to receive; and

- Eighth Amendment dental care claims, which he appears to intend to assert against the NCF Warden, the DOC Commissioner, the DOC Director of Medical Services, and/or other defendants named in Document No. 10;

- Eighth Amendment sleep disruption claims, asserted against the NCF Warden and DOC Commissioner, as well as five new defendants (who appear to be Lt. Sweat, Cpl. St. Cyr, CO St. Cyr, CO Rex, and CO Cyr, all of whom are alleged to be NCF third-shift corrections officers in NCF housing unit) for their acts and omissions relating to the slamming of doors every thirty minutes at night during the third shift, since approximately June 2023, depriving the plaintiff of sleep;

3

- Sixth and Fourteenth Amendment legal mail interference claims which he appears to intend to assert against the NCF Warden, the DOC Commissioner, and new defendant Chief Hammer, relating to the use of a photocopier, with digital image storage capacity, to copy and retain images of incoming privileged legal mail at NCF, alleging violations of the "Laaman Consent Decree" and federal law.

## Discussion

I.  Takings Clause Claims

The Takings Clause of the Fifth Amendment states that "private property [shall not] be taken for public use, without just compensation." Waite has alleged that he bought a tablet for personal use from the prison canteen. Then, he alleges, he was forced to give up that tablet and to rent a new tablet provided by a new vendor. He has further alleged that he bought cough syrup and cough drops for delivery by mail, which prison officials did not allow him to receive.

Waite has alleged that the tablet, cough drops, and cough syrup were his personal property which prison officials forced him to give up. He has not alleged, however, that any of those items were taken for "public use" by any DOC employee or other state official. Absent that allegation, Waite has failed to state any claim upon which relief can be granted under the Takings Clause. See Moretto v. Securus Techs., No. 2:23-CV-881-SPC-NPM, 2024 WL 167259, at *1 (M.D. Fla. Jan. 16, 2024) (prison

officials who issued plaintiff "a defective tablet device" failed to state Takings Clause claim); Peterka v. Dixon, No. 4:23CV55-MW-MAF, 2023 WL 7272116, at *2 (N.D. Fla. Oct. 10, 2023) (prisoner who alleged that his "private property was required to be surrendered because of a DOC rule," failed to state Takings Clause claim), R&R adopted, No. 2023 WL 7182114 (N.D. Fla. Nov. 1, 2023); Williams v. Payne, No. 4:22-CV-797-JM-JTR, 2023 WL 3486019, at *1 (E.D. Ark. Apr. 26, 2023) (prison officials who confiscated incoming Amazon package were not liable for Takings Clause claim), R&R adopted, 2023 WL 3481140 (E.D. Ark. May 16, 2023).  Accordingly, the district judge should deny the motion to amend (Doc. No. 10), to the extent that Waite seeks to add Fifth Amendment Takings Clause claims to this case against any defendants, as his allegations, concerning his loss of access to his electronic tablet and the failure to deliver his cough syrup and cough drops, fail to state a claim upon which relief can be granted under the Fifth Amendment Takings Clause.

II.   Laaman Claims

Waite claims that the photocopying of incoming legal mail violates the "Laaman Consent Decree."  His citation refers to Laaman v. Helgemoe, No. 75-cv-258 (D.N.H.), a class action

5

lawsuit filed in federal court in 1975, challenging conditions of confinement at the New Hampshire State Prison. The court no longer retains jurisdiction over that case, as the case was settled, and the order terminating federal jurisdiction in 2001 provided that the settlement agreement between the parties in that case would be enforceable in the state courts. See Polansky v. N.H. Dep't of Corr., No. 16-cv-256-LM, 2016 U.S. Dist. LEXIS 181052, at *15 (D.N.H. Nov. 28, 2016), R&R approved, 2016 U.S. Dist. LEXIS 181055 (D.N.H. Dec. 29, 2016).

None of the defendants here is a signatory to that settlement agreement in an individual capacity. Therefore, none of them can be held liable in an individual capacity with respect to any claims of a violation of that settlement agreement.

Furthermore, the Eleventh Amendment precludes any official capacity claims the plaintiff could assert in this case based on the Laaman settlement agreement. See Polansky, 2016 U.S. Dist. LEXIS 181052, at *15. Accordingly, the district judge should deny the motion to amend (Doc. No. 10), in part, to the extent that Waite seeks to add any claims arising out of the Laaman Consent Decree or settlement agreement.

6

III. Remaining Claims

"[I]t is well-settled that parties are misjoined when the preconditions for permissive joinder in Rule 20(a) are not met." Beaulieu v. Concord Group Ins. Co., 208 F.R.D. 478, 479 (D.N.H. 2002).  Under Rule 20(a), a plaintiff may join multiple defendants in a single action if the plaintiff asserts against each of them at least one claim to relief that arises out of the same transaction or occurrence, or series of transactions or occurrences, and if there are questions of law or fact common to all.  See Fed. R. Civ. P. 20(a)(2)(A), (B); Rice v. Spencer, No. CIV.A. 2013-12046-RBC, 2014 WL 2453104, at *3, 2014 U.S. Dist. LEXIS 74359, at *8 (D. Mass. May 29, 2014); 7 Charles Alan Wright et al., Fed. Prac. and Proc. § 1655 (4th ed. 2019).  If the standard for permissive joinder of defendants is met, then a party may join as many claims as it has against one or more of those parties, even if the additional claims do not arise from the same set of transactions.  See Fed. R. Civ. P. 18(a).  Where claims that should be litigated separately against different defendants have been misjoined, this court may sever them.  See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party.").

To meet the first prong of Rule 20(a)(2) test for

permissive joinder of parties, "the claims must be 'logically related' to each other, although "[a]bsolute identity of all events is unnecessary.'" Martinez v. Dep't of Just., 324 F.R.D. 33, 36 (D.D.C. 2018) (citations omitted), appeal filed, No. 23-5270 (D.C. Cir. Nov. 27, 2023).  The religious exercise and diet claims in the original complaint that survived this court's preliminary review in this case relate to Waite's religious practices and his nutritional needs.  Specifically, the court required multiple defendants including the DOC Commissioner, the NCF Warden, the DOC chaplains, and other prison officials who are or have been members of the DOC Religious Review Committee to respond to Waite's RLUIPA and Free Exercise Clause claims concerning his diet and his alleged unmet need for a particular type of oil to proceed against.  In addition, this court required the NCF Warden and the DOC Commissioner to respond to Waite's Eighth Amendment claim asserting an unmet serious nutritional need relating to his diet.

    The new claims in Document No. 10 concern Waite's alleged unmet dental care needs, the effect of door slamming at night in his unit on his sleep since June 2023, and the copying of his incoming legal mail which he has alleged has affected his privileged communications in violation of the Sixth and Fourteenth Amendments.  Waite appears to intend to join new

defendants to this lawsuit with respect to each of those new claims. In particular, the following new defendants appear in the narrative of his claims in Document No. 10: five corrections officers who slam doors at night, the DOC Director of Medical Services who is alleged to have failed to address his grievances regarding his dental care claims, and Chief Hammer who is alleged to have failed to address his grievances regarding the NCF photocopier. None of those new defendants is a party to any other claim presently in this case, and none of them is a co-defendant to the other proposed new claims in Document No. 10.

The three types of claims Waite proposes to add to this case involving those new defendants arise out of transactions, occurrences, or a series of transactions and occurrences that are not logically related to one another, and which are not related to any of the matters forming the bases of the religious rights claims and the Eighth Amendment diet claim that this court has allowed to proceed in this action. Such unrelated prisoner civil rights claims against those new defendants belong in different suits, to prevent the case from becoming a case management "morass," and to help ensure the efficacy of the Prison Litigation Reform Act's "three strikes" provision. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Accordingly, the new defendants and the claims against them are

not properly joined together in this prisoner civil rights action under Rule 20(a)(2).

Applying the pertinent rules in a manner that avoids unnecessarily complicating this case, the undersigned magistrate judge recommends that the district judge deny the motion to amend (Doc. No. 10). In doing so, the court preserves Waite's ability to file up to three new complaints, initiating new cases, in which he may litigate: (1) his Eighth Amendment dental care claims, (2) his Eighth Amendment sleep deprivation claims, and (3) his Sixth Amendment and Fourteenth Amendment legal mail claims.

## Conclusion

For the foregoing reasons, the magistrate judge recommends as follows:

    1.   The district judge should deny plaintiff's motion to amend (Doc. No. 10), to the extent he seeks to add any Laaman Consent Decree or Laaman settlement agreement claims to this case, and to the extent he seeks to add any Fifth Amendment Takings Clause claims, arising from the facts alleged in Document No. 10, for failure to state a claim upon which relief can be granted; and

    2.   The district judge should otherwise deny plaintiff's motion to amend (Doc. No. 10), without prejudice to Waite's ability to file up to three new complaints, initiating new cases, in which he may litigate his Eighth Amendment dental care claims, his Eighth Amendment sleep deprivation claims,

and his Sixth Amendment and Fourteenth Amendment legal mail claims.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 18, 2024

cc:  Richard A. Waite, pro se
     Nathan W. Kenison-Marvin, Esq.

11